**Gertrude M. CROTEAU**

v.

**The UNITED STATES.**

No. 395–85C.

United States Claims Court.

Aug. 29, 1986.

Barry A. Bachrach, Worcester, Mass., for plaintiff. David A. Wojcik and Bowditch & Dewey, of counsel.

Charles R. Gross, with whom were Asst. Atty. Gen. Richard K. Willard and David M. Cohen, Washington, D.C., for defendant.

ORDER

ON CROSS–MOTIONS FOR
SUMMARY JUDGMENT

WHITE, Senior Judge.

The plaintiff, Gertrude M. Croteau, is the surviving widow of two men who served honorably in the Armed Forces of the United States. She became entitled to certain benefits from the Federal Government upon the death of each husband: (1) to Dependency and Indemnity Compensation (DIC) upon the death of the first husband; and (2) to benefits under the Survivor Benefit Plan (SBP) upon the death of the second husband.

In her complaint, which was filed on July 2, 1985, the plaintiff complained that the Government has been wrongfully withholding from her since July 1, 1982, benefits that were due and owing to her pursuant to the SBP.

In its answer, which was filed on September 3, 1985, the defendant denied that any additional benefits are due the plaintiff.

On February 10, 1986, the plaintiff filed a motion for summary judgment on liability. In its response, which was filed on March 5, 1986, the defendant cross-moved for summary judgment. Counsel for the parties presented oral arguments to the court on August 14, 1986.

*The Facts*

There does not appear to be any genuine issue between the parties concerning the facts that are relevant to this case.

The plaintiff was first married to Raymond T. Houde on May 27, 1940. While Mr. Houde was serving in the Armed Forces, he died in action on May 31, 1944. Due to her husband's death, the plaintiff elected to receive, and did receive, Dependency and Indemnity Compensation (DIC) from the Veterans Administration (VA), pursuant to 38 U.S.C. § 401 *et seq.* DIC benefits are monthly payments that are provided to the survivors of members of the Armed Forces whose deaths are service-connected (38 U.S.C. § 101 (14)).

Later, the plaintiff married Robert L. Croteau on November 30, 1946. Mr. Croteau was serving as a member of the Army at the time of the marriage. The plaintiff reported her remarriage to the VA, which discontinued her DIC benefits upon her remarriage, in accordance with 38 U.S.C. § 101(3), which defines a surviving spouse as someone "who has not remarried."

Mr. Croteau retired from the military service on February 28, 1974. As he was a Reservist, however, he was not entitled to any military retirement pay until he reached the age of 60, which he did on March 28, 1979 (see 10 U.S.C. § 1331). Before becoming eligible to receive his retirement pay, Mr. Croteau elected on January 20, 1979, to participate in the SBP, so that his surviving spouse and/or dependents would receive SBP benefits upon his death.

Mr. Croteau died on April 21, 1979. On or about May 19, 1979, the plaintiff sub-

mitted to the Army an application to receive SBP benefits due to Mr. Croteau's death. The plaintiff's application was approved by the Army.

On June 20, 1979, the plaintiff submitted an application to the VA for the reinstatement of the DIC benefits which she had been entitled to receive, before her marriage to Mr. Croteau, due to the death of her first husband, Mr. Houde. The VA reinstated the full DIC benefits to the plaintiff upon her application, as the plaintiff's second marriage had ended due to the death of Mr. Croteau (see 38 C.F.R. § 3.55(b)(1)).

As a result of the favorable actions by the Army and by the VA on the plaintiff's applications for benefits, the plaintiff received full monthly DIC and SBP benefits for more than 3 years.

Effective July 1, 1982, however, and continuing thereafter, the Army has reduced the plaintiff's SBP benefits by the amount of the DIC benefits that the plaintiff has received from the VA.

The Army at one time attempted to recover from the plaintiff a total of $13,-662.08, representing (according to the Army) the SBP overpayments which the plaintiff received during the period when she was collecting both SBP payments and DIC payments. Upon application by the plaintiff to the General Accounting Office, that agency granted the plaintiff's request for a waiver with respect to the SBP overpayments through June 30, 1982.

### Discussion

The question before the court is whether the Army acted properly or improperly after July 1, 1982, in reducing the plaintiff's SBP benefits by the amount of her DIC payments.

The defendant contends that the Army was authorized—and, indeed, required—to make the deductions by 10 U.S.C. § 1450(c) (1982). That statutory provision states in part as follows:

> (c) If, upon the death of a person to whom § 1448 of this title [10, relating to SBP benefits] applies, the widow, widower, or former spouse of that person is also entitled to compensation under § 411(a) of title 38 [relating to DIC benefits], the widow, widower, or former spouse may be paid an annuity under this section, but only in the amount that the annuity otherwise payable under the Plan would exceed that compensation. * * *

The plaintiff argues that the language of section 1450(c) is ambiguous, and does not clearly require that the amount of Mrs. Croteau's DIC payments be deducted from her SBP benefits. The court does not perceive any ambiguity in the language of the section. On the contrary, it appears to the court that the language of section 1450(c) is plain and precisely fits the present case, and makes mandatory the deduction of the amount of Mrs. Croteau's DIC payments from her SBP benefits:

> (c) If, upon the death of a person [Mr. Croteau] to whom section 1448 of this title [10] applies, the widow [Mrs. Croteau] * * * is also entitled to [DIC] compensation under section 411(a) of title 38, the widow [Mrs. Croteau] * * * may be paid an annuity under this section, *but only in the amount of the annuity otherwise payable under the Plan would exceed that compensation.* * * * [Emphasis supplied.]

Thus, it would be necessary for the court to ignore the plain language of section 1450(c) in order for the plaintiff to recover in the present case; and the plaintiff has not provided the court with any convincing reason for departing from the plain language of section 1450(c) in disposing of the plaintiff's case.

The plaintiff does point out, however, that the plain language of section 1450(c) does *not* authorize or compel any deduction in the reverse of the plaintiff's situation, *i.e.,* where the surviving spouse of two military personnel *first* becomes entitled to SBP benefits through the death of the first spouse, and *later* becomes entitled to DIC benefits through the death of the second spouse. The plaintiff infers from the si-

**634**

lence of section 1450(c) on the hypothetical situation just stated that the surviving spouse would be permitted to collect the full amounts of both the SBP benefits and the DIC payments, without any deduction. From this premise, the plaintiff argues, in effect, that the result would be discriminatory against Mrs. Croteau and others similarly situated, who qualified for DIC payments *first* and for SBP benefits *later.*

There is no actual proof in the record, however, that a surviving spouse of two military personnel who is entitled to receive both SBP benefits and DIC payments is permitted to retain the full amounts of both *if* the surviving spouse *first* became entitled to SBP benefits and *later* became entitled to DIC payments.

In connection with this discussion, it should be remembered that the SBP benefits are administered by the military departments, while the DIC payments are administered by the Veterans' Administration. The statutes governing the Veterans' Administration contain a provision, codified as 38 U.S.C. § 3104(b)(3), which states in part as follows:

> (3) Benefits other than insurance under laws administered by the Veterans' Administration may not be paid to any person by reason of the death of more than one person to whom he or she was married * * *.

A surviving spouse of former military personnel who first becomes entitled to SBP benefits due to the death of one spouse, and later becomes entitled to DIC payments through the death of another spouse, would apparently be prevented by the statutory provision just quoted from collecting the full amounts of both. Accordingly, the plaintiff's fear of "disparate treatment among multiple marriage situations" seems to be unfounded.

### Conclusion

For the reasons previously stated, the court concludes that the Department of the Army did not err in reducing the plaintiff's SBP benefits by the amount of her DIC payments, in accordance with 10 U.S.C.

§ 1450(c); and, therefore, that the plaintiff is not entitled to recover in the present action.

The plaintiff's motion for summary judgment on the issue of liability is denied.

The defendant's cross-motion for summary judgment is granted.

The clerk will dismiss the complaint. No costs.

IT IS SO ORDERED.