ARCHER, Circuit Judge.
 

 Plaintiff Gertrude M. Croteau appeals the decision of the. United States Claims Court, 10 Cl.Ct. 631 (1986), granting summary judgment to the United States after finding that the Department of the Army (Army) properly applied 10 U.S.C. § 1450(c) (1982) to limit the total military benefits due Mrs. Croteau as a widow of two servicemen. We reverse.
 

 FACTS
 

 Mrs. Croteau married Raymond Houde in 1940. Mr. Houde died in action in 1944 while serving in the armed forces of the
 
 *540
 
 United States, which entitled Mrs. Croteau to receive Dependency and Indemnity Compensation (DIC) from the Veterans Administration (VA). 38 U.S.C. §§ 401, 411.
 

 In 1946, Mrs. Croteau married Robert L. Croteau who was also a member of the armed forces. She reported her remarriage to the VA which then suspended the DIC benefits as required by 38 U.S.C. § 101(3). Mr. Croteau later elected to participate in the Survivor Benefit Plan (SBP) through the Army so that his surviving spouse and/or dependents would receive an annuity upon his death.
 

 Mr. Croteau died on April 21, 1979 and shortly thereafter Mrs. Croteau began receiving SBP benefits from the Army. She also filed an application with the VA to reinstate her DIC benefits which was done. As a result, Mrs. Croteau received full SBP and DIG payments on a monthly basis until July 1, 1982. At that time, the Army determined that 10 U.S.C. § 1450(c) required that the SBP payments to Mrs. Croteau be reduced by the amount of the DIC payment she was receiving from the VA.
 

 Mrs. Croteau brought this action against the United States in the Claims Court seeking reinstatement of the full SBP benefit. Both parties filed motions for summary judgment, stipulating that the facts were not disputed. The Claims Court, in granting summary judgment in favor of the United States, held that the language of the statute was plain and not only authorized but required that Mrs. Croteau’s SBP benefits be reduced by the DIC payments.
 

 OPINION
 

 Our decision in this case turns on the interpretation of 10 U.S.C. § 1450(c) which states:
 

 If,
 
 upon the death
 
 of a person to whom section 1448 [SBP] of this title applies, the widow ... of that person
 
 is also entitled
 
 to compensation under section 411(a) of title 38 [DIC], the widow ... may be paid an annuity ... but only in the amount that the annuity otherwise payable under this section would exceed that compensation. (Emphasis added.)
 

 The Claims Court agreed with the Army’s contention that the “plain language” of the statute required the reduction of Mrs. Croteau’s SBP payments by the amount of her DIC benefits. Mrs. Cro-teau argues that this section applies only when a surviving spouse becomes entitled to DIC and SBP payments upon the death of a single service member and that she is consequently entitled to both benefits in full.
 

 We look to the language of the statute itself to begin our analysis.
 
 *
 

 Bowsher v. Merck & Co.,
 
 460 U.S. 824, 830, 103 S.Ct. 1587, 1591-92, 75 L.Ed.2d 580 (1983). Notwithstanding the Claims Court’s pronouncement, we do not find the language in section 1450(c) to be “plain” and without ambiguity in Mrs. Croteau’s circumstances. Without attempting to parse the language of section 1450(c) precisely, we note only that the emphasized part of the statutory quote indicates, at least, that “death” of the person electing SBP for his dependents has to be the triggering event for the “entitlement” to DIC, not that a preexisting entitlement existed at the time of “death.” An accepted meaning of “upon” is “a beginning course of action or an action or condition that is beginning” and its use in the phrase “upon the death of a person” conveys that meaning.
 
 See
 
 Merriam-Webster,
 
 Webster’s Third New International Dictionary
 
 2518 (1971). In the light of other provisions of section 1450, this connotation and meaning—that entitlement to DIC payments must arise "upon” the death of the person electing SBP benefits for his dependents—is warranted.
 

 Subparagraph (b) of section 1450 deals with dual entitlement based on two deceased spouses in the context of SBP benefits. It provides:
 

 
 *541
 
 If the widow ... remarries before reaching age 60 and that marriage is terminated by death ... payment of the annuity will be resumed effective as of the first day of the month in which the marriage is so terminated. However, if the widow ... is also entitled to an annuity under this section based upon the marriage so terminated, the widow ... may not receive both annuities but must elect which to receive.
 

 The clarity of this provision to prevent a double SBP benefit to the widow of two deceased members of the armed forces belies any intent on the part of Congress to preclude both SBP and DIC benefits under subparagraph (c) from different spouses. There is no comparable language dealing with the multiple deceased spouse situation in section 1450(c). Moreover, section 1450(h) reinforces such interpretation by providing that “[a]n annuity under this section is in addition to any other payment to which a person is entitled under any other provision of law.”
 

 The Claims Court in its opinion noted that section 1450(c) does not by its terms preclude a spouse who becomes entitled to SBP before DIC from receiving both benefits. It concluded, however, that 38 U.S.C. § 3104(b)(3), relating to VA benefits, would prevent the spouse from collecting the full amount of both payments, thus avoiding any disparate treatment among multiple marriage situations. But that section is limited by its terms to benefits under laws administered by the VA:
 

 Benefits other than insurance under laws administered by the Veteran’s Administration may not be paid to any person by reason of the death of more than one person to whom he or she was married.
 

 This provision does not require the VA to reduce its benefits payments by amounts payable as annuities by another agency, e.g., the SBP benefit payable by the Army. Indeed, 38 U.S.C. § 3104(b)(1) is to the contrary. It expressly states that the payment of DIC to a widow is not barred because she is receiving a pension on account of the death of another person, so long as that pension is not paid under a law administered by the VA. We, therefore, find the Claims Court erred in concluding that there would be no disparate treatment between the payments to Mrs. Croteau after the reduction of SBP by the Army and the payments to a person whose entitlement to SBP occurred before entitlement to DIC.
 

 The government urges that the Claims Court’s decision be upheld on the basis of the general statements in the legislative history that SBP was intended to provide a minimum income to eligible dependents and because deference should be given to the Comptroller General’s opinion, Comp.Gen. B-190617 (Feb. 16, 1978) (unpublished), holding in a like situation that dual benefits cannot be paid. Both the government and the opinion of the Comptroller General admit, however, that there is no legislative history that specifically addresses the application of the DIC offset in these circumstances. At most, there is only a general legislative purpose that SBP would provide a “reasonable level of income maintenance for survivors.” 1972 U.S. Code Cong. & Ad. News 3224, 3285, 3307. We have examined this legislative history and find nothing to preclude the receipt of non-SBP benefits attributable to the death of another person. Indeed, 10 U.S.C. § 1450(h) expressly supports the view that SBP is in addition to other payments to which a person is entitled unless expressly barred by the statute.
 

 The principal basis for the Comptroller General’s conclusion is that because 10 U.S.C. § 1450(b) prohibits multiple SBP benefits to a surviving spouse of more than one member, it must have been Congress’ intent to do so in other circumstances. As above indicated, we reject that approach. Had Congress intended to require the DIC offset in the multiple spouse situation it could easily have used the same precise language in section 1450(c) as it used in section 1450(b).
 

 Accordingly, the judgment of the Claims Court is reversed.
 

 REVERSED.
 

 *
 

 In matters of statutory interpretation, the construction adopted by the agency charged with the administration of that statute is usually given deference,
 
 Beneficial Corp. and Subsidiaries v. United States,
 
 814 F.2d 1570, 1574 (Fed.Cir. 1987), unless it contravenes clearly discernible legislative intent or is otherwise unreasonable.
 
 Id.; American Lamb Co. v. United States,
 
 785 F.2d 994, 1001 (Fed.Cir.1986). Here, we have not been directed to any longstanding or consistent regulation or rule of the agency interpreting the statutory provision at issue.
 
 Cf. United States v. Federal Insurance Co.,
 
 805 F.2d 1012, 1017 (Fed.Cir.1986).